**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

TERRY A. HARRIS,

Petitioner, : Case No. 2:26-cv-00413

- vs -

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

T. J. MARTIN, WARDEN,
Noble Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Terry Harris, is before the Court for decision upon the Petition (ECF No. 1), the State Court Record (ECF No. 6), Respondent's Return of Writ (ECF No. 7), and Petitioner's Traverse (ECF No. 10). The Magistrate Judge reference has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 11).

**Litigation History**

On May 25, 2017, Petitioner was indicted by the Muskingum County grand jury on eleven counts of felony drug violations. On November 20, 2017, Petitioner pleaded guilty to all eleven counts. After merging some of the counts, the trial court sentenced Petitioner to an aggregate nineteen years in prison and imposed a thirty thousand dollar fine.

Petitioner appealed to the Ohio Fifth District Court of Appeals which rejected his four assignments of error and affirmed. *State v. Harris,* 2018-Ohio-2257 (Ohio App. 5th Dist. Jun. 7, 2018). Petitioner did not appeal to the Ohio Supreme Court.

On January 18, 2022, Petitioner filed a motion in the trial court to vacate the fine, costs, and restitution portions of the final judgment (State Court Record, ECF No. 6, Ex. 11). The trial court denied the motion and Petitioner did not appeal. *Id.* at Ex. 12. On June 9, 2022, Harris filed a motion to vacate judgments which he alleged "violate the defendant's U.S. and Ohio constitutional right to be free of excessive fines in violation of the Eighth Amendment and the rights to due process by failing to conduct a proportionality review as required pursuant to Chapter 2981 of the Ohio Revised Code." (State Court Record, ECF No. 6, Ex. 13). The trial court denied the motion and Harris did not appeal. *Id.* at Ex. 14.

After an unsuccessful attempt to obtain discovery and trial transcripts, Harris moved under Ohio R. Crim. P. 32.1 to withdraw his guilty plea. *Id.* at Ex. 22. The trial court denied the motion (*Id.* at Ex. 25) and Harris again appealed to the Fifth District which affirmed. *Id.* at Ex. 30. His request for a delayed appeal to the Ohio Supreme Court was denied. *Id.* at Ex. 33

Harris filed his Petition in this Court electronically on April 6, 2026, pleading the following grounds for relief:

> **Ground One:** Terry A. Harris suffered a denial of his federal due process rights as guaranteed him under the Sixth Amendment of the United States Constitution and Article 1, section 10 of the Ohio Constitution, due to his trial counsel's ineffectiveness for failing to file a motion to suppress the affidavit establishing probable cause, the search warrant, and the illegally obtained evidence seized from his residence and for advising him to accept a guilty plea; depriving appellant of his constitutional rights to a fair trial and effective assistance of counsel.

**Supporting Facts:** Petitioner's trial counsel failed to file a motion to suppress the evidence which was illegally seized, without a warrant, and subsequently failed to request a copy of the search warrant or the probable-cause affidavit used in the search and seizure of petitioner's property. Trial counsel further ineffectively advised petitioner to plead guilty to an offense that petitioner would not have been found guilty of had counsel not been ineffective in his duties. This violated substantial federal and Ohio constitutional protections of the petitioner.

**Ground Two:** the trial court erred by not merging Terry Harris' offenses pertaining to oxycodone acetaminophen, in violation of the double jeopardy clause of the Fifth Amendment of the United States Constitution, and section 10, article 1 of the Ohio Constitution.

**Supporting Facts:** the trial court incorrectly sentenced petitioner to multiple, consecutive sentences for the same offense, an offense that involved the same conduct, with the same animus, violating petitioner's federal and Ohio constitutional rights.

**Ground Three:** the trial court unlawfully ordered Terry Harris to serve consecutive sentences, in violation of his rights to due process, guaranteed by section 10, article 1 of the ohio constitution and the fifth and fourteenth amendments to the united states constitution.

**Supporting Facts:** the trial court improperly ordered the petitioner to serve consecutive sentences for offenses that were allied offenses of similar import, violating petitioner's federal and Ohio constitutional rights.

**Ground Four:** the trial court abused its discretion by ordering Terry Harris to pay a fine, in violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and section 16, article 1 of the Ohio constitution.

**Supporting Facts:** the trial court improperly ordered the petitioner to pay a fine which violated his federal and Ohio constitutional protections.

**Ground Five:** a manifest injustice has occurred due to appellant Terry A Harris' trial counsel's ineffectiveness for failing to file a motion to suppress the affidavit establishing probable cause, the search warrant, and the illegally obtained evidence seized from his residence and for advising him to accept a guilty plea; depriving appellant of his constitutional rights to a fair trial and effective

> assistance of counsel under the Sixth Amendment of the United States Constitution and article 1, section 10 of the Ohio constitution.
>
> **Supporting Facts:** the Muskingum County Court Of Common Pleas erred, as well as the Fifth District Court Of Appeals when in their decisions, they denied the petitioner Terry A. Harris the right to withdraw his guilty plea, being that his guilty plea was invalid, in violation of petitioner's due process rights under the Ohio and federal constitutions.
>
> **Ground Six:** a manifest injustice has occurred due to Appellant Terry A Harris being prevented from discovering both the search warant and affidavit establishing probable cause; had he had access to this information, he would not have pled guilty to the charges because the police violated his Fourth Amendment rights to be free of illegal search and seizure under the United States Constitution and article 1, section 14 of the Ohio Constitution.
>
> **Supporting Facts:** Petitioner suffered infringements of his federal and Ohio constitutional rights when he was denied a copy of the search warrant and affidavit for probable cause that was used in order to search and seize petitioner's property.

(Petition, ECF No. 1, PageID 7-12).

## Analysis

### Statute of Limitations

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations applicable to habeas corpus cases. That statute was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and is codified at 28 U.S.C. § 2244 which reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

> judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the limitations period under §2244(d)(1)(A) as beginning forty-five days after the Fifth District's decision on direct appeal when Harris failed to appeal to the Ohio Supreme Court. The Fifth District handed down its affirmance on June 7, 2018. Under the Ohio Supreme Court's Rules of Practice, Petitioner's time to appeal to that court expired July 22, 2018. When no appeal was filed, the statute began to run and expired one year later unless some tolling event intervened. By Respondent's account, Harris filed nothing until January, 2022, long after the statute had expired.

Harris responds that his conviction did not become final on direct review until March 3, 2026, when the Ohio Supreme Court declined to exercise jurisdiction over his appeal from the Fifth District's affirmance of the trial court's refusal to allow him to withdraw his guilty plea

(Traverse, ECF No. 10, PageID 408). Because he filed his Petition here April 6, 2026, barely a month later, he asserts it was timely filed.

The difficulty with Petitioner's theory is that the statute runs from when the conviction is final on direct review and not from when it becomes final on a collateral attack, such as a motion to withdraw a guilty plea. If Petitioner had filed the motion to withdraw while the statute was still running, it would have tolled the statute under § 2244(d)(2) and the statute would have resumed running once the collateral attack was final. But a collateral attack filed after the statute has expired does not start the clock running again. A properly filed collateral attack on a judgment tolls the statute of limitations, but does not re-start it. *Payton v. Brigano,* 256 F.3d 405, 408 (6th Cir. 2001).

Because Harris did not file his Petition here until several years after the statute of limitations expired, it is barred by that statute and should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 25, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #